UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                                No. 01-4966

PATRICK JEAN AUBIN,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
James A. Beaty, Jr., District Judge.
(CR-01-49)

Submitted: June 23, 2003

Decided: July 10, 2003

Before WILKINSON, NIEMEYER, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Michael W. Patrick, LAW OFFICE OF MICHAEL W. PATRICK, Chapel Hill, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Robert M. Hamilton, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Patrick Jean Aubin appeals his conviction following a guilty plea to one count of possession with intent to distribute 250.8 grams of marijuana in violation of 21 U.S.C. § 841(a)(1), (b)(1)(D) (2000), one count of possession with intent to distribute 57.4 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A), and one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), 924(a)(2) (2000), and sentence to a total of 384 months in prison. We affirm.

Aubin's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967). In the *Anders* brief, Aubin's counsel briefed four issues, all of which counsel ultimately concluded were not meritorious: (1) whether the searches of the Lincoln and Flake Street residences were improper; (2) whether the district court erred in denying an acceptance of responsibility adjustment; (3) whether Aubin was a career offender; and (4) whether Aubin should have received an enhancement for possession of a firearm. Aubin was informed of his right to file a pro se supplemental brief, but he failed to do so.

First, counsel raises the issue of whether the searches of two residences were valid. A knowing and voluntary guilty plea constitutes an admission of the material elements of the crime, *see McCarthy v. United States*, 394 U.S. 459, 466 (1969), and waives non-jurisdictional errors, including claims of unlawful search and seizure based on the Fourth Amendment. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Aubin has therefore waived his right to challenge the searches.

Because Aubin failed to object to the Pre-Sentence Investigation Report in the district court, we review his sentencing challenges for plain error. *See United States v. Ford*, 88 F.3d 1350, 1355 (4th Cir. 1996). Under this standard, we exercise our discretion only to correct errors that are plain, material, or affecting substantial rights, and that seriously affect the fairness, integrity or public reputation of judicial proceedings. *United States v. Olano*, 507 U.S. 725, 731-32 (1993).

We have reviewed Aubin's sentence under the sentencing guidelines and find no plain error.

In accordance with *Anders*, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm Aubin's conviction and sentence. We deny counsel's motion to withdraw at this time and require that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*